**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON  (1946-1991)
RANDOLPH E. PAUL  (1946-1956)
SIMON H. RIFKIND  (1950-1995)
LOUIS S. WEISS  (1927-1950)
JOHN F. WHARTON  (1927-1977)

WRITER'S DIRECT DIAL NUMBER

212-373-3020

WRITER'S DIRECT FACSIMILE

212-492-0020

WRITER'S DIRECT E-MAIL ADDRESS

dkramer@paulweiss.com

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
ALLAN J. ARFFA
ROBERT A. ATKINS
DAVID J. BALL
SCOTT A. BARSHAY
JOHN F. BAUGHMAN
LYNN B. BAYARD
DANIEL J. BELLER
CRAIG A. BENSON
MITCHELL L. BERG
MARK S. BERGMAN
DAVID M. BERNICK
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
ANGELO BONVINO
JAMES L. BROCHIN
RICHARD J. BRONSTEIN
DAVID W. BROWN
SUSANNA M. BUERGEL
PATRICK S. CAMPBELL*
JESSICA S. CAREY
JEANETTE K. CHAN
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
CHARLES E. DAVIDOW
THOMAS V. DE LA BASTIDE III
ARIEL J. DECKELBAUM
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
LESLIE GORDON FAGEN
MARC FALCONE
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
ROBERT C. FLEDER
MARTIN FLUMENBAUM
ANDREW J. FOLEY
ANDREW J. FORMAN*
HARRIS B. FREIDUS
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
ROBERT D. GOLDBAUM
NEIL GOLDMAN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
ERIC GOODISON
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
GAINES GWATHMEY, III
ALAN S. HALPERIN
JUSTIN G. HAMILL
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
MICHELE HIRSHMAN
MICHAEL S. HONG
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO

BRIAN M. JANSON
JAREN JANGHORBANI
MEREDITH J. KANE
JONATHAN S. KANTER
ROBERTA A. KAPLAN
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
ALAN W. KORNBERG
DANIEL J. KRAMER
DAVID K. LAKHDHIR
STEPHEN P. LAMB*
JOHN E. LANGE
GREGORY F. LAUFER
DANIEL J. LEFFELL
XIAOYU GREG LIU
JEFFREY D. MARELL
MARCO V. MASOTTI
EDWIN S. MAYNARD
DAVID W. MAYO
ELIZABETH R. McCOLM
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
TOBY S. MYERSON
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
ALEX YOUNG K. OH
BRAD R. OKUN
KELLEY D. PARKER
VALERIE E. RADWANER
CARL L. REISNER
LORIN L. REISNER
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JACQUELINE P. RUBIN
CHARLES F. "RICK" RULE*
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
DALE M. SARRO
TERRY E. SCHIMEK
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
STEPHEN J. SHIMSHAK
DAVID R. SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J. SIMONS
AUDRA J. SOLOWAY
SCOTT M. SONTAG
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
MONICA K. THURMOND
DANIEL J. TOAL
LIZA M. VELAZQUEZ
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
MARK B. WLAZLO
JULIA MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

October 11, 2016

**Via ECF**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square, Room 415
New York, New York 10007-1312

I will inform the parties if I believe further briefing on this issue would be useful.

SO ORDERED:

/s/ Vernon Broderick
HON. VERNON S. BRODERICK   10/13/2016
UNITED STATES DISTRICT JUDGE

*In re Pretium Resources Inc. Securities Litigation* (1:13-cv-07552-VSB)

Dear Judge Broderick:

    We write on behalf of defendants in response to plaintiffs' October 7, 2016 letter (Doc. 81), regarding the Second Circuit's decision in *In re Vivendi S.A. Securities Litigation*, No. 15-180-cv (2d Cir. Sept. 27, 2016). *Vivendi*, which was decided on appeal from a post-trial judgment, provides no support for plaintiffs' opposition to the pending motion to dismiss. Defendants have moved to dismiss the complaint here on two main grounds: (1) failure to plead facts showing that Pretium's opinion statements are actionable under controlling Supreme Court and Second Circuit law; and (2) failure to plead scienter. *Vivendi* does not even address these issues. Defendants have also moved to dismiss on the ground that plaintiffs are attacking non-actionable, forward-looking statements. (Doc. 61 at 19–20.) As to this issue, *Vivendi* only highlights the type of necessary allegations missing from the complaint here.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Vernon S. Broderick 2

*Vivendi* has no bearing on defendants' argument that plaintiffs' complaint is fatally flawed because the supposed misstatements at issue were statements of opinion and plaintiffs have failed to allege that these statements were both objectively and subjectively false. (Doc. 61 at 15–19; Doc. 68 at 2–6; Doc. 71; Doc. 73; Doc. 78, Doc. 80.) Plaintiffs fail to mention that Vivendi tried to argue on appeal that its alleged misstatements were non-actionable opinion statements, but the Second Circuit held that Vivendi had waived this argument by failing to raise it below. (*Vivendi* at 33–37.) Accordingly, the Second Circuit in *Vivendi* did not consider the application of *Fait* v. *Regions Financial Corp.*, 655 F.3d 105 (2d Cir. 2011), and *Omnicare, Inc.* v. *Laborers District Council Construction Industry Pension Fund*, 135 S.Ct. 1318 (2015). (*Id.*)

*Vivendi* also did not address the issue of scienter. Nor does plaintiffs' letter do so, in any meaningful way. As discussed in defendants' motion to dismiss briefing and supplemental submissions, plaintiffs' failure to plausibly allege scienter is an independent reason why the complaint here should be dismissed. (Doc. 61 at 24–27; Doc. 68 at 9–12; Doc. 71 at 3; Doc. 78 at 3.)

Plaintiffs argue *Vivendi* somehow undermines defendants' argument that Pretium's statements regarding resource estimates cannot give rise to liability for a *third* independent reason—that they are non-actionable under the bespeaks-caution doctrine and the PSLRA's safe harbor for forward-looking statements. (*See* Doc. 61 at 19–20; Doc. 78 at 3.)[1] Plaintiffs are wrong. Vivendi was found to have made public statements about future growth, cashflows, and levels of debt that directly contradicted contemporaneous internal forecasts and financial information. (*Vivendi* at 39–48.) The Second Circuit observed that these statements were not all forward-looking; rather, they contained present representations about the company's existing and past financial performance and balance sheet. (*Id.* at 41–42.) Assuming *arguendo* that the statements were forward-looking, the Second Circuit held that they were not accompanied by "meaningful cautionary language" because Vivendi's disclosures contained only "kitchen-sink disclaimer[s]" that listed "garden variety business concerns that could affect *any* company's financial well-being" and were otherwise "oblique." (*Id.* at 42–44.) In addition, the Second Circuit held there was sufficient evidence that Vivendi made these statements with actual knowledge that they were misleading because, for example, the company's Chief Financial Officer had admitted as much in internal documents. (*Vivendi* at 45–48.)

The statements at issue here bear no resemblance to those in *Vivendi*. First, Pretium's statements concern *estimates* of mineral resources. Such statements are by definition "forward-looking," and were identified as such in Pretium's disclosures. (Doc. 61 at 19–20 & n.8.)

---

[1] In their opposition to the motion to dismiss, plaintiffs addressed this argument only in a perfunctory footnote. (Doc. 65 at 19 n.4.)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Vernon S. Broderick                                                                                                3

       Second, the disclaimers that accompanied these statements were not "garden variety" or "oblique." Rather, they provided express and specific warnings to investors concerning the very risks about which plaintiffs now complain. For example, Pretium disclosed that "[m]ineral resource and reserve calculations are only estimates"; that "there is a degree of uncertainty attributable to the calculation of mineral reserves and mineral resources"; that "[u]ntil mineral reserve estimates or mineral resource estimates are actually mined and processed, the quantity of metal and grades must be considered as estimates only and no assurances can be given that the indicated levels of metals will be produced"; and that "[m]ineral exploration is highly speculative in nature and is frequently non-productive." (Doc. 61 at 19–20 & n.9.) Given such disclaimers, no reasonable investor could have been misled by the statements about resource estimates that plaintiffs challenge.[2]

       Finally, plaintiffs have pled no facts to support their assertion that defendants had "actual knowledge that their statements were false." As discussed in prior submissions, plaintiffs do not identify in their complaint any contradictory data or information that Pretium had *at the time of the statements at issue* that it did not disclose. (Doc. 68 at 2–6; Doc. 73 at 2–3; Doc. 76 at 2.) In their letter, plaintiffs cite as support a document (Appendix A to the 2013 Resource Report) released months *after* the alleged class period as the source of the alleged "contradictory channel sample and sample tower results." (Doc. 81 at 2 n.4.) As noted in defendants' prior submissions, plaintiffs' complaint contains no allegations about this document; and, even if it had, such allegations would be insufficient as a matter of law because they constitute exactly the kind of "fraud by hindsight" argumentation that the Second Circuit repeatedly has held is improper. (Doc. 68 at 2–6, 11; Doc. 73 at 2–3; Doc. 76 at 2.) At most, plaintiffs have alleged that Pretium should have disclosed, at some unidentified point earlier than it did, Strathcona's contrary *opinion* about how Pretium and Snowden interpreted the Bulk Sample drilling results. This, however, is a paradigmatic example of a "dispute about the proper interpretation of data," which the Second Circuit has held does not give rise to liability under the securities laws. (Doc. 80 at 3 (quoting *Sanofi*, 816 F.3d at 214)).

       For the reasons discussed above and in defendants' prior submissions, the complaint should be dismissed.

*  *  *

---

[2]   *See also* Doc. 78 at 3 (discussing why, under *Omnicare* and *Tongue* v. *Sanofi*, 816 F.3d 199 (2d Cir. 2016), Pretium's statements regarding resource estimates must be evaluated from the perspective of the reasonable investor who would understand such statements in light of the surrounding text, which included both cautionary language about the uncertain nature of resource estimates and disclosure of all of the results of the drilling program); Doc. 80 at 3 (discussing why, under *Omnicare* and *Sanofi*, the statements at issue must be understood in the context of the reasonable investor's understanding of the Canadian mining industry, and why Pretium was not obligated to disclose Strathcona's less favorable opinion of resource estimates merely because Strathcona's view cut against Pretium and Snowden's projection).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Vernon S. Broderick 4

                              Respectfully submitted,

                              /s/ Daniel J. Kramer

                              Daniel J. Kramer

cc:     Counsel of record